IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Helen C. Singletary and John Singletary, | ) | C/A No.: 2:24-cv-5905 DCN |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2022-11; and PHH Mortgage Corporation, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The above-referenced case is before this court upon the magistrate judge's recommendation that defendant U.S. Bank Trust, National Association's motion to remand be granted and the motion to dismiss be dismissed.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984).[1] **As of the date of this order, no objections have been filed.**

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **AFFIRMED**, and defendant's motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is **DISMISSED**.

**AND IT IS SO ORDRED.**

_____
David C. Norton
United States District Judge

February 25, 2025
Charleston, South Carolina

---

[1] In Wright v Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to apprise him of what is required." Id at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.